IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL S. QUALIZZA, derivatively, on behalf of the URBAN DEVELOPMENT FUND, LLC, <br><br> Plaintiff, <br><br> v. <br><br> NEIL D. FREEMAN, <br><br> Defendant. | Case No. <br><br> **PLAINTIFF DEMANDS** <br> **TRIAL BY JURY** |

**COMPLAINT FOR DAMAGES AND THE APPOINTMENT OF A RECEIVER FOR UDF**

Plaintiff, MICHAEL S. QUALIZZA, derivatively, on behalf of the URBAN DEVELOPMENT FUND, LLC, by and through his undersigned attorney, complains against Defendant, NEIL D. FREEMAN, and seeks the appointment of a Receiver for UDF, as follows:

**I.      Parties And Others**

1. Plaintiff, Michael S. Qualizza ("Qualizza"), is an individual and citizen of the State of Texas, residing at 1220 Marley Way, Austin, Texas 78733-3276. Qualizza holds a one-tenth of a percent (0.1%) membership interest in UDF.  Qualizza was removed as the manager of UDF effective as of July 31, 2022.

2. Urban Development Fund, LLC ("UDF") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 401 West Ontario Street, Suite 220, Chicago, Illinois 60654.

1

3. At all times since at least July 1, 2002, UDF has only had two (2) members, namely, ACC, which owns 99.99% of its membership interests, and Qualizza, who owns 0.01% of its membership interests.

4. Defendant, Neil D. Freeman ("Freeman"), is an individual and citizen of the State of Florida residing at 6899 Collins Avenue, Unit 1809, Miami Beach, Florida 33141. Freeman holds a one-hundred percent (100%) membership interest in Aries Capital. As of July 31, 2022, Freeman became the sole manager of UDF.

5. Aries Capital, LLC ("Aries Capital") is a member-managed limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 401 West Ontario Street, Suite 220, Chicago, Illinois 60654. Aries Capital holds a forty-six percent (46%) membership interest in ACC.

6. Aries Community Capital, LLC ("ACC") is a member-managed limited liability company organized and existing under the laws of the State of Texas. ACC holds a ninety-nine and nine-tenths percent (99.99%) membership interest in UDF.  ACC is owned by QG Holding, Aries Capital and AE which hold, 46%, 46% and 8% membership interests respectively. ACC's sole asset is its interest in UDF and its sole purpose is to supervise and direct the business of UDF. Aries Capital is the sole manager of ACC.

7. Associated Equities, Inc. ("AE") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 401 West Ontario Street, Suite 220, Chicago, Illinois 60654. AE holds an eight-percent (8%) membership interest in ACC.

8. Edward James Keledjian ("Keledjian") is an individual and citizen of the State of Illinois, and maintains an office located at 401 West Ontario Street, Suite 220, Chicago, Illinois 60654. Keledjian is the majority shareholder in AE.

9. QG Holding Co., LLC ("QG Holding") is a limited liability company organized and existing under the laws of the State of Delaware. QG holds a forty-six percent (46%) membership interest in ACC. QG Holding is owned by Qualizza and Chad Goodall, who is a citizen of the State of Illinois.

## II. Jurisdiction And Venue

10. Jurisdiction in this Court is proper under 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. For jurisdictional purposes, Plaintiff UDF is a citizen of the States of Delaware, Texas and Illinois, whereas, Defendant, Freeman, is a citizen of the State of Florida.

12. Jurisdiction over Freeman is proper in this Court as Freeman has had substantial contacts with the State of Illinois and maintains an office at UDF in Chicago, Illinois, where, from time to time, he is in residence.

13. Venue in this district is proper under 28 U.S.C. § 1391 as Freeman maintains an office in Chicago, Illinois, where he conducts the business of UDF. In addition, the conduct at issue that serves as the basis of the claims asserted herein occurred in whole, or in part, in this District.

## III. Demand To Sue

14. By correspondence dated May 30, 2023, Qualizza made a written demand upon the manager of UDF, Freeman, and its members, Aries Capital and AE, that they institute a lawsuit on behalf of UDF against Freeman for the conduct alleged herein. (A true and correct copy of the Demand Letter is attached hereto as Exhibit "A" and made a part hereof).

15. Notwithstanding the Demand Letter, UDF has failed and refused to institute a lawsuit against Freeman for the conduct alleged herein.

### IV.     Allegations Common To All Counts

16. Qualizza, Freeman and others formed UDF in 2002.

17. Since UDF's formation, it has primarily served low-income persons and low-income communities by using New Market Tax Credits to spur private investment in underserved neighborhoods across the country. UDF does so by focusing on developing retail, office space, industrial, and community facilities and developments in economically distressed areas.

18. Since at least July 1, 2002, UDF has been governed by an Amended and Restated Limited Liability Operating Agreement dated July 1, 2002 (the "UDF Operating Agreement"). A true and correct copy of the UDF Operating Agreement is attached hereto as Exhibit "B" and made a part hereof).

19. In 2002, UDF was certified as a Community Development Entity by the Community Development Financial Institutions Fund ("CDFI"), a division of the United States Treasury Department. To date, UDF has received allocations of New Markets Tax Credits totaling over $620 million.

4

20. Qualizza had been the sole manager of UDF for nearly two (2) decades since UDF was formed. In that capacity, he had been responsible for the day-to-day operations of UDF. He has developed expertise in the highly-complicated field of New Market Tax Credits. As the manager of UDF, Qualizza was responsible for applying for tax credits from the U.S. Department of Treasury and various states, identifying potential development projects in economically distressed areas and recruiting lenders to fund the projects.

21. Effective as of July 31, 2022, Qualizza was removed as the manager of UDF and Freeman was put in his place.

22. Since July 31, 2022, Freeman has undertaken the duty to manage the property, finances and affairs of UDF. (UDF Operating Agreement at ¶ 4.2).

23. Under the UDF Operating Agreement, as the manager of UDF, Freeman has an obligation, among others, to perform his duties and responsibilities in good faith and with the degree of care that an ordinary person in a like position would use under similar circumstances. (UDF Operating Agreement at ¶ 4.4).

24. On July 31, 2022, Freeman also undertook the duties and responsibilities of the "Tax Matters Member" of UDF.

25. By correspondence dated July 24, 2023, UDF received correspondence from CDFI notifying UDF that it was in default for its failure to make the necessary regulatory filings and, if not cured immediately, will hinder UDF's "ability to participate in future funding rounds and include the revocation of approval of any application submitted and the declaration as ineligible any pending application by the

Allocatee or any Affiliates." (A true and correct of the July 24, 2023 correspondence is attached hereto as Exhibit "C" and made a part hereof).

26. The failure to rectify the regulatory deficiencies identified in the July 24, 2023 correspondence may very well also cause the recapture of previously-awarded tax credits to the clients and customers of UDF.

**V.    Claims**

**Count I/Breach of Fiduciary Duties/UDF v. Freeman**

27. Plaintiff, derivatively, on behalf of UDF, repeats and realleges the allegations contained in Paragraphs 1 through 26 of the Complaint For Damages And The Appointment Of A Receiver ("Complaint") as Paragraphs 1 through 26 of Count I of the Complaint as though fully set forth herein.

28. As the sole manager of UDF, Freeman owes fiduciary duties, among others, of honesty, loyalty and good faith to UDF.

29. Since taking over the roles of Chief Executive Officer, President and the sole manager of UDF on July 31, 2022, Freeman has completely abdicated and neglected his duties and responsibilities and has repeatedly breached his fiduciary duties of honesty, loyalty and good faith as an officer and manager of UDF, including, but not limited to, the following:

   a. Failing to make local, state and federal regulatory filings with, among others, the CDFI, an institute created under the auspices of the United States Department of the Treasury, the U.S. Treasury and others that are required to be made by law for UDF;

b. Causing UDF to go into default in numerous transactions in which UDF is participating that have exposed UDF to a significant risk of incurring liabilities to third-parties for their compensatory damages, attorneys' fees, penalties and interest;

c. Causing a high risk of tax credit recapture for deals UDF has formulated for its clients and other participants which would result is significant financial loses to them;

d. Causing UDF to become out-of-compliance with the CDFI, lenders and participants;

e. Dissipating and wasting assets of UDF;

f. Failing to provide information requested of UDF by clients and customers of UDF and other participants of the deals involving New Market Tax Credits;

g. Failing to capitalize upon numerous business opportunities available to UDF to generate income;

h. Using and converting funds and other assets belonging to UDF for the personal benefit of Freeman;

i. Making frivolous claims to the ownership of funds totaling approximately $2,825,000 on deposit in a bank account maintained at U.S. Bank owned by UDF ST NMTC Partners, LLC to which UDF has no ownership interest, causing the unnecessary expenditures of funds by way of legal fees belonging to UDF;

j. Causing U.S. Bank to seize bank accounts necessary for the operation of UDF; and

k. Falsely accusing Michael S. Qualizza, the former manager, Chief Executive Officer and President of UDF in writing on February 20 and 21, 2023, and likely on numerous other occasions, of being a criminal and engaging in improper and unethical behavior that is detrimental to the ongoing business and reputation of UDF.

30. As a direct and proximate result of the breaches of fiduciary duties of Freeman as set forth herein, UDF has sustained damages in the amount of at least $75,000, exclusive of interest and costs.

WHEREFORE, Plaintiff, MICHAEL S. QUALIZZA, derivatively, on behalf of URBAN DEVELOPMENT FUND, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, NEIL D. FREEMAN, for compensatory damages in an amount in excess of $75,000, exclusive of interest and costs, punitive damages in an amount sufficient to punish and deter Neil D. Freeman from engaging in such misconduct in the future, interest and costs and for such other and further relief as the Court deems necessary and/or appropriate under the circumstances.

**Count II/Appointment Of A Receiver For UDF—Against Freeman**

31. Plaintiff, derivatively, on behalf of UDF, repeats and realleges the allegations contained in Paragraphs 1 through 26 of Count I of the Complaint as Paragraphs 1 through 26 of Count II of the Complaint as though fully set forth herein.

32. The appointment of a receiver for UDF is necessary in order to circumvent the imminent danger of loss to UDF, UDF's clients and UDF's investors.

33. Without the appointment of a receiver for UDF, it is almost a certainty that a portion of the tax credits that have been awarded to its clients will face recapture.

34. The recapture of tax credits would be devastating financially to the clients of UDF as well as to UDF and its investors.

35. Without the appointment of a receiver for UDF, UDF will lose its right in the future to conduct business in the area of New Market Tax Credits as stated in the July 24, 2023 correspondence. (Exhibit "C" hereto).

36. Being de-certified by the CDFI would essentially end UDF's existence as a going concern.

37. De-certification would end UDF's ability to provide much needed private investment in underserved neighborhoods across the country.

38. Only through the appointment of a qualified receiver can these results, which are otherwise likely inevitable, be avoided.

WHEREFORE, Plaintiff, MICHAEL S. QUALIZZA, derivatively, on behalf of URBAN DEVELOPMENT FUND, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, NEIL D. FREEMAN, and appoint a Receiver to take over and manage UDF and for such other and further relief as the Court determines is necessary and/or appropriate under the circumstances

Respectfully submitted,

MICHAEL S. QUALIZZA, derivatively,
on behalf of URBAN DEVELOPMENT
FUND, LLC, Plaintiff

By:/s/ Daniel J. Voelker
His Attorney

Daniel J. Voelker, Esq. (ARDC #618975)
**Voelker Litigation Group**
33 N. Dearborn Street
Suite 1000
Chicago, Illinois 60602
312.870.5430
312.505.4841
dvoelker@voelkerlitigationgroup.com


Dated: August 2, 2023

10